UNITED STATES DISTRICT COURT
MIDDLE DISCTIRCT OF FLORIDA
TAMPA DIVISION

ERIK JASON ELLMAN,

    Plaintiff,

v.                                                         CASE NO: 8:20-cv-1679-T-02AEP

SHERIFF BOB GUALTIERI,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court on Plaintiff Erik Ellman's civil rights Complaint (Doc. 1), arising under 42 U.S.C. § 1983. Plaintiff is a pre-trial detainee proceeding *pro se*. (Doc. 1 at 4). Upon review, the Court finds Plaintiff has failed to adequately allege a violation of his constitutional rights and will be required to submit an amended complaint in order to proceed in this case.

**I.  LEGAL BACKGROUND**

    a.  <u>Section 1915</u>

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether or not they should proceed past initial review. Upon review of a plaintiff's civil rights complaint, a court is required to dismiss any or all claims based in the following circumstances:

> (b)  Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Additionally, 28 U.S.C. § 1915(e) requires courts to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it is without arguable merit in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). If a court is to dismiss a civil rights complaint on the grounds of failure to state a claim, courts must use the standards set forth in Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6); *see Mitchell v. Fracass*, 11 F.3d 1483, 1490 (11th Cir. 1997) (holding that "[t]he language of section 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6)"), *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

If, as in the instant case, a plaintiff proceeds *pro se*, a court must construe the plaintiff's allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

> [A] pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines*, 404 U.S. at 520–21).

    b. <u>Section 1983</u>

Plaintiff indicates under the "Basis for Jurisdiction" section of his Complaint that the instant complaint arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1 at 3). Read liberally, however, the Court construes this complaint to arise under 42 U.S.C. § 1983, as the defendant, Sherriff Bob Gualtieri, is the Sheriff of Pinellas County, a local — rather than federal — official. (Doc. 1 at 2); 42 U.S.C. § 1983 (A plaintiff may bring suit against *state or local officials* for the "depravation of any rights, privileges, or immunities secured by the Constitution and [federal laws]" (emphasis added)).

"[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a Section 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* Thus, a plaintiff must show that the defendant acted under the color of law or otherwise indicate which specific state action led to the violation of the plaintiff's rights. *Id.*

## II.     ANALYSIS

Plaintiff alleges a Section 1983 action against Defendant Pinellas County Sherriff Bob Gualtieri in his official capacity.[1] (Doc. 1 at 2). In support of this claim, Plaintiff alleges that Defendant violated his Eighth Amendment rights by failing to provide heart medication that was prescribed in the past. (Doc. 1 at 4); U.S. Const. amend. VIII. Plaintiff states that "I have not been able to receive my heart medicine from the health care [staff]. Staff [are] directly under Defendant." He also states that "medical staff informed that Plaintiff was not on any type of medication." (Doc. 1 at 4–5). Plaintiff indicates in Section IV(D) of his complaint that Clinical Supervisor Schiavo, Clinical Supervisor Brennan, Nursing Director Ives, Nurse Hillary, and Health Services Administrator Martinelli are all parties involved in allegedly denying his request for heart medication. (Doc. 1 at 5, 8).

Plaintiff also alleges that his health is rapidly deteriorating due to the medical staff not providing the appropriate medication. (Doc. 1 at 5). As a result, Plaintiff seeks the following

---

[1] "For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents." *Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

remedies: (1) that the Federal Court require Sheriff Gualtieri and his employees receive constitutional and civil rights training; (2) an injunction from future abuse; and (3) $500,000 for pain and suffering. (Doc. 1 at 5).

After liberal review of the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff's Complaint is not sufficiently pleaded. For the reasons that follow, Plaintiff must file an amended complaint if he desires to proceed in this case.

First, although Plaintiff indicates that the alleged injuries and constitutional violations arise under the Eighth Amendment of the United States Constitution (Doc. 1 at 3), the Eighth Amendment applies only to convicted prisoners. *See, e.g.*, *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1572 (11th Cir. 1985) ("The eighth amendment . . . applies only to confinement that occurs subsequent to and as a consequence of a person's lawful conviction of a crime."). As indicated in Section III of Plaintiff's complaint, Plaintiff is a pretrial detainee, to which the Fourteenth Amendment — rather than the Eighth — applies. *Id.*; (Doc. 1 at 4). However, the analysis under both amendments is the same. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (internal citations omitted). Therefore, the Court will construe the Complaint as brought under the Fourteenth Amendment.

Second, to sufficiently state a claim under either the Eighth or Fourteenth Amendments, Plaintiff must show that the relevant prison official(s) acted with deliberate indifference to Plaintiff's serious medical need. In order to do so, Plaintiff must, "[f]irst, . . . set forth evidence of an objectively serious medical need. Second, [he] must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976). "Third, as with any tort claim, [he] must show that the injury was caused by the defendant's wrongful conduct." *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).

An objectively serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Goebert*, 510 F.3d at 1326 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). To demonstrate deliberate indifference, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Goebert*, 510 F.3d at 1326 (alteration in original) (internal quotation marks and citation omitted). *See also Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008).

Mere disagreement with the mode or amount of treatment does not establish deliberate indifference. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Instead, "[a]n objectively insufficient response by public officials to a serious medical need must be poor enough to constitute an unnecessary and wanton infliction of pain." *Loeber v. Andem*, 487 F. App'x 548, 549 (11th Cir. 2012) (citing *Estelle*, 429 U.S. 97). "Inadvertent failure to provide adequate medical care, negligence in diagnosis or treatment, or medical malpractice, without more, fails to state a cognizable deliberate indifference claim." *Id.* (citing *Estelle*, 429 U.S. 97).

Plaintiff alleges that certain medical staff at the Pinellas County Jail failed to provide him medication that was previously prescribed. (Doc. 1 at 6). Plaintiff names Sheriff Gualtieri, in his official capacity, as the sole[2] defendant in the instant action, while noting that Defendant Gualtieri supervises the medical staff. (Doc. 1 at 1, 2, 4). However, Plaintiff cannot hold Defendant Gualtieri liable merely because he is a supervisor. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 694 (1978); *Scala v. City of Winter Park*, 116 F.3d 1396, 1399 (11th Cir. 1997).

---

[2] Although Plaintiff identifies in the body of the Complaint various members of the medical staff that he alleges participated in the constitutional violation, Plaintiff's Complaint fails to name any of the medical staff as defendants. (Doc. 1 at 2, 5, 8).

To establish an official capacity claim against a supervisory defendant, Plaintiff must allege:

> (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

*Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011). *See also Monell*, 436 U.S. at 694.

Liberally construing Plaintiff's Complaint, Plaintiff appears to allege that various medical staff at the Pinellas County Jail failed to provide his prescribed heart medication. (Doc. 1 at 3). Plaintiff has not described any personal involvement by Defendant Gualtieri in the alleged deprivation, nor has he alleged facts supporting an inference that Defendant directed or knowingly failed to prevent the withholding of Plaintiff's heart medication. Indeed, the only connection Plaintiff presents between Defendant and the alleged constitutional violation is that "the health care staff [work] directly under Defendant." (Doc. 1 at 4). Plaintiff has also failed to plead any facts relating to a policy or custom of the Pinellas County Jail that is relevant to his claim. Therefore, Plaintiff's claim against Defendant Gualtieri must be dismissed.

Accordingly, and for the reasons set forth herein, it is **ORDERED** that:

1. Plaintiff's Complaint against Defendant Gualtieri (Doc. 1) is **DISMISSED without prejudice** to file an amended complaint **within THIRTY (30) DAYS** from the date of this Order.

   a. **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action, for failure to state a claim, without further notice.**

    b. To amend his complaint, Plaintiff should completely fill out a new civil rights complaint. On the new form, Plaintiff must mark it as "Amended Complaint." The amended complaint must include ***all*** of Plaintiff's claims in this action; it may not refer back to or incorporate the original Complaint.

    c. **The amended complaint supersedes the original Complaint, and all claims must be raised in the amended complaint.**

2. Plaintiff has filed this action *pro se*, and he is directed that he must immediately advise the Court of any change of address. He shall entitle the paper "Notice to the Court of Change of Address" and not include any motions in it. This notice shall contain only information about the address change and the effective date of such. Failure to inform the Court of an address change may result in the dismissal of this case, without further notice.

3. The Clerk is **DIRECTED** to mail to Plaintiff, along with this Order, a copy of the standard civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida on October 27, 2020.

                                   */s/ William F. Jung*
                                **WILLIAM F. JUNG**
                                **UNITED STATES DISTRICT JUDGE**