UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIK JASON ELLMAN,

          Plaintiff,

v.                               Case No. 8:20-cv-1679-WFJ-AEP

SHERRIFF BOB GUALTIERI, *et al.*,

          Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court on Plaintiff Erik Jason Ellman's Second Amended Civil Rights Complaint (Doc. 11), filed pursuant to 42 U.S.C. § 1983, in which Mr. Ellman alleges violation of his right to proper medical care under the Eighth Amendment to the United States Constitution.

### I.    Legal Background

*a.  Section 1915A*

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed.  Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases and in the denial of a motion to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785

(11th Cir. 1984).  Upon review of a plaintiff's civil rights complaint, a court is required to dismiss any or all claims based in the following circumstances:

> (b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  Additionally, 28 U.S.C. § 1915(e) requires courts to dismiss actions which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2).  A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissals for failure to state a claim are governed by Rule 12(b)(6), Fed. R. Civ. P. See *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6)").

The Court must read a plaintiff's pro se allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

> [A] pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines*, 404 U.S. at 520-21). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

      *b.*  *Section 1983*

Mr. Ellman's claims arise under 42 U.S.C. § 1983. (Doc. 5 at 4). "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a Section 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* at 996-97. Thus, a plaintiff must show the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. *Id.*

## II.   Analysis

Mr. Ellman sues the following six defendants: Sheriff Bob Gualtieri, Health Services Administrator Martinelli, Clinical Supervisor Schiavo, Clinical Supervisor Brennan, Nursing Director Ives, and Nurse Hillary. Mr. Ellman specified that Martinelli, Schiavo, Brennan, and Ives are sued in their official capacities. (Doc. 11 at 2-4). However, Mr. Ellman does not specify whether he sues Sheriff Gualtieri or

Nurse Hillary in their individual or official capacities. Mr. Ellman does not describe any actions personally undertaken by the Sheriff regarding the alleged constitutional violations and does not appear to mention Nurse Hillary at all other than to name her as a defendant. Thus, the Court construes the suit against the Sheriff and Nurse Hillary to be in their official or supervisory, rather than individual, capacities.

Mr. Ellman sets forth two separate claims of medical deliberate indifference. First, he claims he "was given a covid[-]19 test at Phoenix House. [The] result was positive . . . and still . . . nothing further has been done." (Doc. 11 at 7).  Second, he claims he has atherosclerosis, a heart condition, that has worsened due to "lack of medication, monitoring, [and] blood pressure checks." (Doc. 11 at 8).   This worsening has caused side effects such as "dizziness, headaches," "anxiety of not having the proper medication," and the "mental stress of . . . life threatening disease [due to] lack of COVID 19 testing." (Doc. 11 at 8).  Mr. Ellman claims Defendants "knew about [his] medical condition and [did] nothing." (Doc. 11 at 5).

Mr. Ellman requests that "[t]he Federal Court issue a mandamus to compel Defendants as mentioned of the proper procedure of medication and pre-existing conditions involving serious health conditions," and he seeks $500,000 in damages. (Doc. 11 at 9).

To sufficiently state a claim under either the Eighth Amendment, Mr. Ellman must show that the relevant prison official's failure to provide him with medical care

4

amounted to cruel and unusual punishment. In order to do so, Mr. Ellman must, "[f]irst, . . . set forth evidence of an objectively serious medical need. Second, [he] must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "Third, as with any tort claim, [he] must show that the injury was caused by the defendant's wrongful conduct." *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).

An objectively serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Goebert*, 510 F.3d at 1326 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). To demonstrate deliberate indifference, a plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Goebert*, 510 F.3d at 1326 (alteration in original) (internal quotation marks and citation omitted). *See also Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008).

Regarding Mr. Ellman's claim that "nothing has been done" about his positive Covid-19 test at Phoenix House, he fails to allege the severity of his symptoms (if any) that he was experiencing or to allege that any defendant subjectively knew of his positive test or symptoms. Further, Mr. Ellman does not describe what "Phoenix House" is or how it, or any of its employees, were acting under color of

5

state law. *See Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995) ("Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.").

Next, as noted, Mr. Ellman sues Sherriff Gualtieri, Health Services Administrator Martinelli, Clinical Supervisor Schiavo, Clinical Supervisor Brennan, and Nursing Director Ives in their official (*i.e.*, supervisory) capacities. However, Defendants cannot be liable for the acts of their employees on a theory of respondeat superior. *Scala v. City of Winter Park*, 116 F.3d 1396, 1399 (11th Cir. 1997). To state a claim against a supervisory defendant, Mr. Ellman must allege:

> (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

*Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011). *See also Monnell v. Dep't of Social Serv. of the City of New York*, 436 U.S. 658 (1978).

To support his claims, Mr. Ellman alleges he filed a grievance with Health Services Administrator Martinelli on 10/12/20 that Martinelli denied. (Doc. 11 at 3, 7). Mr. Ellman claims Martinelli stated his grievance was "unfounded," and that he

"was charged $10.00 and told to drink water." (Doc. 10 at 12). But, "filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." *Owens v. Leavins*, No. 5:05CV228/SPM/EMT, 2006 WL 2640275, at *4 (N.D. Fla. Sept. 13, 2006). *See also Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (explaining that "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure.").

Mr. Ellman alleges the medical staff "denied even knowing [Mr. Ellman] was on the [his] medications," and that Mr. Ellman's "medical records would show the medication [he] takes and needs on a daily basis." (Doc. 11-1 at 2). However, Mr. Ellman describes his medications as diagnosed by physicians at Bayfront Hospital and Northside Hospital. (Doc. 11-1 at 2). He does not allege when those hospital visits occurred or that his medical records or discharge instructions were provided to the jail. Nor has Mr. Ellman alleged any facts demonstrating actions personally taken by any named Defendant regarding his medications or monitoring,[1] or facts supporting an inference that any Defendant directed or knowingly failed to prevent the withholding of Plaintiff's medication.

Moreover, the medical record attached to the Amended Complaint demonstrates that the physician at the jail (who is not named as a defendant in this

---

[1] Plaintiff describes only unidentified "medical staff." (*See*, *e.g.*, Doc.11-1 at 2).

case) has started Mr. Ellman on some medications and stopped the provision of other medications. (Doc. 11-1 at 4). Thus, the face of the pleading demonstrates that at least some monitoring and treatment of his medications and medical conditions is occurring.  Mr. Ellman's mere disagreement with the mode or amount of treatment does not establish deliberate indifference. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Instead, "[a]n objectively insufficient response by public officials to a serious medical need must be poor enough to constitute an unnecessary and wanton infliction of pain." *Loeber v. Andem*, 487 F. App'x 548, 549 (11th Cir. 2012) (citing *Estelle*, 429 U.S. 97). "Inadvertent failure to provide adequate medical care, negligence in diagnosis or treatment, or medical malpractice, without more, fails to state a cognizable deliberate indifference claim." *Id.* (citing *Estelle*, 429 U.S. 97). Mr. Ellman's conclusory allegations do not demonstrate an objectively insufficient response to his medical needs.

Mr. Ellman also alleges the medical staff at the Pinellas County Jail has received a "lack of medical training[,] Sheriff Bob Gualtieri poorly trained" the staff, and "[t]he Pinellas County medical staff has totally ignored CDC guidelines of testing." (Doc. 11 at 8).  However, he does not explain which CDC guidelines are being ignored, which staff are ignoring them, or who, if anyone, instructed the staff to disregard them.

As for the attempt to allege a claim for failure to train, Mr. Ellman must show that a failure to train in a relevant respect evidences a deliberate indifference to his rights. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). To demonstrate deliberate indifference, he "must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Lewis v. City of West Palm Bch, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009) (quoting *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)).

> A [defendant] may be put on notice in two ways. First, if the [defendant] is aware that a pattern of constitutional violations exists, and nevertheless fails to provide adequate training, it is considered to be deliberately indifferent. Alternatively, deliberate indifference may be proven without evidence of prior incidents, if the likelihood for constitutional violation is so high that the need for training would be obvious.

*Id.* (citations omitted). Mr. Ellman's conclusory assertion that the Sheriff poorly trained the staff, without more, does not satisfy this standard.

Finally, Mr. Ellman alleges "[t]he medical staff has engaged in a pattern of neglect of abuse of inmates in the Pinellas County Jail," by charging a $10.00 copay for sick visits and telling inmates "to drink more water" when the visits were for "serious conditions of near death." (Doc. 11 at 9). Plaintiff claims these patterns of neglect are "standard procedure of [the Pinellas County Jail] medical staff." (Doc. 11 at 9). However, these broad and conclusory allegations, unsupported by any

specific facts, fail to sufficiently allege a pattern or policy that violates Plaintiff's constitutional rights. *See, e.g.*, *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[M]ore than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.").

Accordingly, it is **ORDERED** that:

1. The Second Amended Complaint (Doc. 11) case is **DISMISSED** without prejudice for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A(b)(1);

2. Mr. Ellman may file a third amended complaint within **TWENTY-ONE (21) DAYS** of this order.

   a.  To amend his complaint, Plaintiff should completely fill out a new civil rights complaint. On the new form, Plaintiff must mark it as "Third Amended Complaint." The third amended complaint must include all of Plaintiff's claims in this action; it may not refer back to or incorporate any prior pleadings.

   b. The third amended complaint supersedes the prior pleadings, and all claims must be raised in the third amended complaint.

   c. **The third amended complaint must be <u>received</u> by the Court (not merely mailed) within twenty-one days of this order**. **If the**

**third amended complaint is not timely filed in compliance with this order, judgment will be entered and the case will be closed without further notice.**

3.  The Clerk is **DIRECTED** to mail to Plaintiff Ellman, along with this order, a copy of the standard civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida on April 1, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE